UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUCAS BENJAMIN-BIR MOLTER,<br><br>Plaintiff,<br><br>v.<br><br>TRINITY HEALTH ST. MARY MERCY,<br><br>Defendant. | Case No. 25-11812<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO APPOINT COUNSEL AND
DENYING HIS REQUEST FOR DISCOVERY
(ECF NO. 5)**

Plaintiff Lucas Benjamin-Bir Molter, proceeding *pro se* and *in forma pauperis*. The Honorable F. Kay Behm dismissed all claims but except one claim against Defendant Trinity Health Livonia (St. Mary Mercy), under the ADA. ECF No. 10. Judge Behm then referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 79.

Molter moves for appointment of counsel. ECF No. 5. Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although a

district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). Courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Lavado,* 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because of the consideration addressing the plaintiff's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), objections overruled, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017). In keeping with this policy, this Court almost always denies motions for appointment of counsel until after

2

dispositive motions are decided.

Having reviewed Molter's complaint and case filings to this point, the Court finds that he has not shown that exceptional circumstances warrant the appointment of counsel at this juncture. It is too early to assess the likelihood of success of Molter's claim because his complaint has yet to be tested by a dispositive motion under Federal Rules of Civil Procedure 12(b)(6) or 56. Thus, Molter's motion to appoint counsel, ECF No. 5, is **DENIED WITHOUT PREJUDICE.**

In the same motion, Molter also requested that the Court grant him discovery.  ECF No. 5.  But a party must seek discovery in the ways allowed under Federal Rules of Civil Procedure 26-35 & 45, and only after a scheduling order has been entered to start the discovery period. So Molter's request for the Court to secure discovery for him is improper and is **DENIED.**

**IT IS SO ORDERED.**

|  |  |
|---|---|
| Dated: August 7, 2025 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 7, 2025.

                                                s/Davon Allen
                                                DAVON ALLEN
                                                Case Manager