UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUCAS BENJAMIN-BIR MOLTER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRINITY HEALTH ST. MARY MERCY,<br><br>　　　　　　　　　Defendant. | Case No. 25-11812<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ON PLAINTIFF'S MOTION TO STAY
(ECF NO. 88)**

Plaintiff Lucas Benjamin-Bir Molter sues *pro se* and *in forma pauperis*, and one ADA claim against Defendant Trinity Health St. Mary Mercy (Trinity Health) remains. ECF No. 10. The Honorable F. Kay Behm referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 79.

After this Court set a scheduling conference, Molter moved to stay this case. ECF No. 88. He requests "an indefinite stay" because of alleged medical issues and because he is trying to obtain counsel to represent him. *Id.*, PageID.478. Trinity Health opposes Molter's motion. ECF No. 90.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court."  *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir.1977) (cleaned up).  Even so, a "court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay."  *Id.* "The burden is on the party seeking the say to show that there is a pressing need" for the requested stay.  *Id.*

Molter has not met his burden of establishing a pressing need for his requested "indefinite stay" of proceedings in this case.  And an indefinite or long-term stay would harm Trinity Health, as it has the right to litigate the claims against it without undue delay.  But the Court **ORDERS** that the proceedings in this case are **STAYED** until **November 3, 2025**, and that the parties must appear for a scheduling conference on **November 3** at **2:00 p.m.**

The Court next addresses ex parte communication that Molter emailed to the undersigned but that the undersigned did not review.  Ex parte communications are those from one party "without notice to or

argument from the adverse party." *See* BLACKS LAW DICTIONARY, 597 (7th ed. 1999).  Molter is **WARNED** that he may not send ex parte communication to this Court.

**IT IS SO ORDERED**.

Dated: October 10, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to

3

their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 10, 2025.

                                                <u>s/Davon Allen</u>
                                                DAVON ALLEN
                                                Case Manager