UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUCAS BENJAMIN-BIR MOLTER,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TRINITY HEALTH ST. MARY MERCY,<br><br>　　　　　　　　Defendant. | Case No. 25-11812<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION
TO REVOKE PLAINTIFF'S IN FORMA PAURERIS STATUS
UNDER THE COURT'S INHERENT AUTHORITY**

## I.　Introduction and Background

After Plaintiff Lucas Benjamin-Bir Molter filed this case pro se and in forma pauperis (IFP), the Honorable F. Kay Behm dismissed all but one ADA claim against Defendant Trinity Health St. Mary Mercy. ECF No. 10. Molter then filed about 60 miscellaneous documents, causing court staff to "needlessly expend[ ] the limited time and resources…trying to figure out what, if anything, these documents are trying to communicate." ECF No. 73, PageID.437. Judge Behm thus imposed filing restrictions:

1

> Given Molter's filing practices in violation of local court rules, the court restricts him from filing any further documents, including motions, in this case unless Plaintiff 1) first files a "Motion Pursuant to Court Order Seeking Leave to File" his document, 2) includes the document he proposes to file as an exhibit to that motion, and 3) includes an attached page with his signature that certifies that the submission complies with Local Rules 7.1(a) and Practice Guideline A on Motion Practice (requiring movant to first confer with the other parties in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter). His motion must otherwise comply with LR 5.1. LR 7.1(b).

*Id.*, PageID.438.  Judge Behm then referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 79.

In September 2025, Molter moved for an indefinite stay of proceedings because of alleged medical issues and because he was trying to obtain counsel.  ECF No. 88.  The Court granted a stay, but only until November 3, 2025.  ECF No. 91.  In the same order, the Court warned Molter to cease emailing ex parte communications to the undersigned, noting that the undersigned had not reviewed his emails.  *Id*.  Molter also sent the Court's case manager "a barrage of unsolicited emails, sometimes without copying opposing counsel," and sometimes with documents Molter wanted filed.  ECF No. 99.  Noting that Molter was disrupting the case manager's work, he was ordered to cease sending the unsolicited emails.  *Id*.

And despite this case being stayed at his request, Molter continued flooding the docket with frivolous motions.  On October 17, 2025, this Court denied reconsideration of its order denying an indefinite stay and addressed his failure to comply with the ordered stay:

> Despite this Court having stayed the proceedings in this case until November 3, 2025, Molter filed a litany of motions. ECF No. 94; ECF No. 95; ECF No. 96; ECF No. 97; ECF No. 98.  That is improper and the Court **STRIKES** those motions from the docket.  This case remains **STAYED until November 3, 2025,** and no motions may be filed during the stay of proceedings.

ECF No. 108 (bolding in original).  But as noted in an October 24, 2025, order, Molter kept violating "the stay he requested by continuing his pattern of flooding the docket with frivolous motions."  ECF No. 125 (order striking ECF No. 100; ECF No. 101; ECF No. 102; ECF No. 103; ECF No. 104; ECF No. 105; ECF No. 106; ECF No. 107; ECF No. 109; ECF No. 110, ECF No. 111; ECF No. 112).  The order explained that his filings burden the Court and cautioned him that his case may be dismissed if he filed any more motions during the stay: "**Molter is cautioned that he may face sanctions, including dismissal of this action, if he continues to file motions in violation of the stay, if he continues to violate Court's orders, and if he continues to flood the docket with frivolous motions.**"  ECF No. 125, PageID.661-662 (bolding in original).

Five days later, Molter filed two more motions that again leave the Court trying to "figure out what, if anything, these documents are trying to communicate." ECF No. 73, PageID.437; ECF No. 126; ECF No. 127.

## II.   Analysis

"Proceeding IFP is a privilege, and not a right." *Bey v. Wilmington Sav. Fund Soc'y, FSB*, No. 1:25-CV-1299, 2025 WL 2462451, at *1 (N.D. Ohio Aug. 27, 2025) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). And "[i]t is well-settled that a plaintiff's pro se status does not give him a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Thanedar v. Time Warner, Inc.*, 352 F..App'x. 891, 900 (5th Cir. 2009). Thus, under its inherent power, a court may deny IFP status or revoke it in a pending action when a litigant has engaged in frivolous, harassing, and abusive litigation. *See In re McDonald*, 489 U.S. 180, 184-85 (1989); *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 309 (D.C. Cir. 2008); *Tingler v. Maike*, No. 3:23-CV-788, 2023 WL 4564383, at *3 (N.D. Ohio July 17, 2023).

Courts resort to revoking or denying IFP status for two reasons. First, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a

4

way that promotes the interests of justice." *In re McDonald*, 489 U.S. at 184-185; *see also U.S. ex rel Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."). Second, imposing a monetary sanction on a plaintiff who qualifies for IFP status would likely be futile. *Haskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011); *Simmons v. Gilmore*, No. 2:17-CV-00996, 2020 WL 4016331, at *4 (W.D. Pa. July 16, 2020).

A court may impose a sanction under its inherent power only after a finding of bad faith under an objective standard. *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Abdullah v. United States*, No. 1:17-CV-411, 2017 WL 2485199, at *2–3 (W.D. Mich. May 17, 2017), *adopted*, 2017 WL 2472695 (W.D. Mich. June 8, 2017). Bad faith is found when, for example, a party refuses to comply with court orders or engages in frivolous litigation. *Id*.

Molter has clogged the Court's docket with frivolous and often incomprehensible motions; has harassed the undersigned's staff with unsolicited emails; and has violated orders, including to stop filing motions during the stay he requested. Some of his frivolous motions have been

5

repeated requests for an indefinite stay of proceedings. ECF No. 88; ECF No. 93; ECF No. 111; ECF No. 128. Molter wishes to avoid his obligation to prosecute his case, but at the same time files endless motions that divert the Court's scarce judicial resources.

Because of Molter's unrepentant bad faith, his IFP status should be revoked, and his case should be dismissed if he does not pay the required filing fee.

### III. Conclusion

The Court **RECOMMENDS** that Molter's IFP status be **REVOKED**. If he does not pay his filing fee within 30 days, his complaint should be dismissed.

                                              s/Elizabeth A. Stafford
                                              ELIZABETH A. STAFFORD
                                              United States Magistrate Judge

Dated: November 7, 2025

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to

their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
