UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCAS MOLTER,  Case No. 25-11812

    Plaintiff,  F. Kay Behm
v.  United States District Judge

TRINITY HEALTH,

    Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S NOVEMBER 7, 2025 REPORT & RECOMMENDATION (ECF NO. 129) AND OVERRULING OBJECTIONS (ECF NO. 128)

After Plaintiff Lucas Benjamin-Bir Molter filed this case pro se and in forma pauperis (IFP), the court dismissed all but one ADA claim against Defendant Trinity Health St. Mary Mercy. ECF No. 10. Molter then filed about 60 miscellaneous documents, causing court staff to "needlessly expend[ ] the limited time and resources…trying to figure out what, if anything, these documents are trying to communicate." ECF No. 73, PageID.437. The court thus imposed filing restrictions, and then referred the case to the Magistrate Judge for all pretrial proceedings. *Id.*

    I.    **November 7, 2025 Report & Recommendation**

1

Currently before the court is Magistrate Judge Stafford's November 7, 2025, Report and Recommendation. (ECF No. 129). Magistrate Judge Stafford recommends that Molter's IFP status be revoked, and that if he does not pay his filing fee within 30 days, his complaint should be dismissed. The court has reviewed the record and the pleadings. Neither party has filed objections. "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The court nevertheless agrees with the Magistrate Judge's recommended course of action. Even after multiple warnings by the court, Molter "clogged the court's docket with frivolous and often incomprehensible motions; has harassed the [Magistrate Judge's and the undersigned]'s staff with unsolicited emails; and has violated orders, including to stop filing motions during the stay he requested." *See* ECF No. 129, PageID.726. Molter was warned that he would face sanctions such as those the Magistrate Judge recommends if he continued to file motions in violation of the stay he requested, yet continued to file documents anyway. *See* ECF No. 126; ECF No. 127

(both filed in violation of the stay).  The report and recommendation explains the relevant standard for when IFP status may be revoked, and the court agrees that the standard has been met in this case.

The court notes that Molter perhaps attempted to file objections to the report and recommendation (*see* ECF No. 130, filed Nov. 10, 2025), however, the court put Molter on notice that it did not accept that filing when it denied leave to file those objections because he a) did not actually attach any objections to his briefing, and b) his filing did not comply with the order on filing restrictions entered by this court.  *See* Text-Only Order following ECF No. 130 (filed Nov. 12, 2025); ECF No. 73 (filing restrictions).  No follow-up filing was received and the deadline to properly file objections has expired.

Therefore, the court **REVOKES** Molter's IFP status.  If he does not pay the filing fee within 30 days of entry of this order, his complaint will be dismissed.  The referral to the Magistrate Judge is therefore temporarily **SUSPENDED** until the filing fee is paid or until further order of the court.  If Molter pays the filing fee, the referral for all pretrial proceedings shall be automatically reinstated without further order of the court.

## II. Plaintiff's Objections (ECF No. 128)

One other matter: Molter also filed objections (ECF No. 128) on November 3, 2025, to Judge Stafford's Order striking his motions filed in violation of the stay (ECF No. 125). When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's legal conclusions will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick*

4

*Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014).

Procedurally, Molter's filing does not comply with the court's order at ECF No. 73, and can be denied on that basis alone. However, on the merits, the objection also fails. Judge Stafford struck a variety of motions that Molter filed in violation of a stay entered at Molter's request. *See* ECF No. 88 (requesting an "indefinite" stay of proceedings); ECF No. 91 (entering a stay until Nov. 3, 2025). Molter filed approximately 17 motions in violation of that stay. He now objects to some of these motions having been struck in the order at ECF No. 125 because, he says, his motions were filed in compliance with ECF No. 73 (imposing filing restrictions). ECF No. 128, PageID.689. But of course, the filing restrictions at ECF No. 73 did not preclude the possibility of additional, later filing restrictions (such as those imposed by a stay of proceedings). Molter was required to follow all further orders of the court; compliance with ECF No. 73 is a necessary but not sufficient condition of obtaining relief. Molter was warned that filing motions during the stay was impermissible, but continued to do so. ECF No. 108. Judge Stafford also considered Molter's filings on the

merits when the substance of his motion related specifically to the administration of the stay itself.  *See* ECF No. 125, PageID.660.  Nothing in the Magistrate Judge's orders precluded Molter from filing his motions when the stay expired, and striking them was not clearly erroneous or contrary to law.  The objections are **OVERRULED**.

**SO ORDERED.**

Date: November 26, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge